PENNSYLVANIA BOILER WORKS ᴇᴛ ᴀʟ.

*vs.*

THOMAS C. BASSHOR COMPANY ᴇᴛ ᴀʟs.

*Appeals: receivership proceedings.*

Parties who file a petition in a receivership proceedings, after the appointment of a receiver, alleging that they are creditors of the corporation, that the bill does not confer jurisdiction upon the Court, and does not sufficiently protect them in their rights, and asking to be made parties to the proceeding, with leave to file a supplemental bill, but who, after having been made parties, never in fact filed any such bill, can not take an appeal from the order appointing the receivers.                                    p. 607

*Decided April 29th, 1913.*

Appeal from the Circuit Court of Baltimore City (Boyd. J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*E. C. Carrington, Jr.,* and *Charles G. Baldwin* (with whom were *G. Ridgely Sappington, Howell H. Thomas,*

*Lewis W. Lake* and *William Ewin Bonn* on the brief), for the appellants.

*W. H. DeCourcy Wright* (with whom were *Jacob France* and *E. P. Keech, Jr.,* on the brief), for the appellees.

PATTISON, J., delivered the opinion of the Court.

C. Hazeltine Basshor, a stockholder and vice-president of the Thomas C. Basshor Company, on the 23rd day of November, 1912, filed in the Circuit Court of Baltimore City, his bill against said company on behalf of himself and such other stockholders as might unite therein and contribute to the cost thereof.

The bill alleges that the assets of the company (consisting in part of a warehouse known as No. 28 Light street), are approximately of the value of $270,000; that a part of it, is "probably subject to considerable depreciation if disposed of at forced sale." That the indebtedness of said firm, including a judgment or decree recently entered against the defendant for the sum of $21,000, in favor of Edward C. Carrington, Jr., receiver for the Hammond Ice Company, is approximately $130,000.

The bill charges "that notwithstanding the fact that the defendant company is not insolvent and the value of its assets is greater than the amount of its debts, it is unable, by reason of the fact that it is not able to realize immediately upon its open accounts, to pay forthwith the amount of said decree; and that if said Carrington, as such receiver, should be permitted to seize, under an execution, an amount of the assets of the defendant sufficient to yield at sheriff's sale the amount of said decree, the great loss almost inevitably resulting therefrom would cause irreparable damage to the creditors of the defendant, other than said judgment creditor, and to the stockholders of the defendant and might even impair its existing solvency," and alleges that "the only manner of preserving the assets of the defendant corporation or of preventing their value from being depleted and destroyed in large

measure, is that a receiver or receivers be appointed to take possession and charge of all the assets of the defendant, and to continue the operation of said plant," under the guidance and direction of the Court, for a limited time to be fixed by it.

The prayer of the bill asks for the appointment of a receiver to take charge of all the property of the defendant corporation and to continue the operation of its business until sold or otherwise disposed of under order of the Court, and likewise for an injunction.

On the same day the bill was filed, the defendant, the Thomas C. Basshor Company, filed its answer admitting the allegations of the bill and consenting to the passage of a decree as prayed, to which, on the same day, a general replication was filed. Upon the bill, answer and replication the Court below passed an order appointing one J. Albert Hughes receiver, with power to take charge and possession of the goods, wares, merchandise, books, papers and effects of said corporation and to collect its outstanding indebtedness, and continue its business. The order also commanded the officers and agents of the defendant corporation to yield up and deliver to the receiver the above mentioned personal property, and directed that an injunction be issued as prayed in the bill.

Subsequently, on the 2nd day of December, 1912, the appellant, the Pennsylvania Boiler Works, and the H. W. Johns-Manville Company and the Maryland Rubber Company, filed their petition alleging that they were creditors of said company, and that the said bill filed by C. Hazeltine Basshor did not confer upon the Court jurisdiction to appoint a receiver, because, first, it does not contain any prayer for the dissolution of the defendant corporation; "and second, that it does not clearly allege that said corporation is insolvent, in that it is unable to pay its debts as they mature." They also allege therein that the *decree* passed upon said bill and answer "is insufficient in that, first, *it does not include the real estate owned by the defendant corporation;*

and second, in that it makes no provision for the *equitable distribution of the assets among the creditors;* and, third, it provides for a continuance of the business by the receiver." The petition then charges that in view of such alleged defects in the bill and the decree, they with the other creditors of the corporation "are not properly protected by the proceedings as it now stands," and ask that an order be passed making them parties plaintiff and permitting them to file a supplemental bill of complaint. Upon this petition, an order was passed, whereby the petitioners were made parties to the proceedings as prayed, and were granted permission to file a supplemental bill of complaint.

On the following day, December 3rd, the plaintiff, C. Hazeltine Basshor, filed his petition alleging that the prayer of the bill asked that a decree be passed appointing a receiver, with power to take charge and possession of *all the property of the defendant corporation,* but when granted the decree conferred power and authority upon the receiver to take charge and possession only of the *goods, wares and merchandise* of the defendant corporation and not of the real estate and leasehold property of the corporation mentioned in the bill.

This omission, the petition alleges, was due to a clerical error only, and it asks that the decree be amended by expressly conferring upon the receiver, therein named, power and authority to take possession and charge of all the property and assets of said corporation, "real, personal and mixed, of whatsoever kind and wheresoever situated."

Upon this petition an order was passed December 3rd amending the decree as prayed, and conferring upon the receiver hitherto appointed power and authority to take charge of all the property and assets of the defendant corporation, real, personal and mixed, etc.

On the 12th day of December a further order was passed requiring the receiver to give notice to all persons having claims against the defendant company to file their claims in said Court at the time therein named.

Subsequent to the filing of the last-named order, the appellant, the Pennsylvania Boiler Works, with others, said in the order, to be creditors of the defendant company, who had merely filed their claims in response to the said notice given by the receiver, appealed to this Court from the said orders or decrees of November 23rd and December 3rd, 1912.

The first of the orders appealed from, the one appointing the receiver and granting the injunction, was passed before the above-mentioned petition of the Pennsylvania Boiler Works and others was filed, and the other order, an amendment to the original order relieving it of at least one of the defects complained of in the petition, was passed after the petition was filed.

The petition alleged that upon the facts contained in the bill no jurisdiction was conferred upon the Court of Equity to grant the relief asked for. It was to supply these omissions that the Pennsylvania Boiler Works and its co-petitioners asked to be made parties plaintiff, with the right to file a supplemental bill supplying such omissions. This right although granted them, was never exercised by the Pennsylvania Boiler Works or any of its co-petitioners, nor did it or any of them ever ask that the order appointing the receiver and granting the injunction be rescinded, but the Pennsylvania Boiler Works with the other appellants herein named appealed from the original and amended orders passed upon the bill.

In as much as the Pennsylvania Boiler Works and its co-petitioners filed no supplemental bill, so far as the record discloses, the only bill filed in the case is the original bill filed by C. Hazeltine Basshor, to which the appellant, the Pennsylvania Boiler Works, upon its own petition, has been made a party plaintiff. Therefore by this appeal the Pennsylvania Boiler Works is placed in the position or attitude of appealing from an order granting the relief asked for by its bill of complaint. It is clear to us upon the facts stated, that the right to appeal from these orders is not lodged in the appellant, the Pennsylvania Boiler Works.

The other appellants who have appealed from the orders mentioned, are, in the order for appeal, said to be creditors of the defendant company who have filed their claims in these proceedings. It is not disclosed elsewhere in the record that these appellants, the Harry D. B. Clapp & Company, the Model Stoker Company, the Southern Engineering Company, and the Edro Richardson Brass Company, are creditors, or that they have filed their claims in these proceedings. These facts are only learned from the recitals in the order for appeal. But let us assume they are creditors and that they have filed their claims in these proceedings. Have they the right to appeal from the orders appealed from?

Like the Pennsylvania Boiler Works, they did not ask the Court below to rescind the order appointing the receiver and granting the injunction. Nor did they in any way make known to said Court their objection to the orders appealed from, but simply filed their claims in these proceedings, in response to the notice of the receiver, in order to participate in the distribution of the estate in the hands of the receiver, and to this extent they recognized the validity of the appointment of such receiver and became parties plaintiffs to the bill and like the Pennsylvania Boiler Works they are not allowed to appeal from the orders appealed from.

It being unnecessary, we will not consider the other grounds of the motion to dismiss the appeal. The appeal will be dismissed.

*Appeal dismissed, with costs to the appellees.*